Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK



## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**19 CV 6504 FPG**

**A.  Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

REGINA C. DAVIS

-vs-

**B.  Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. FLEXIBLE BENEFITS SYSTEM, INC.
2. ALERA GROUP
3. 

4. 
5. 
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
#### *All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court:  DEFENDANT IS ENGAGED IN BUSINESS OF EXCERCISING

INTERNAL REVENUE CODE.

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District:  DEFENDANT'S PLACE OF BUSINESS IS LOCATED AT

400 WILLOWBROOK OFFICE PARK, FAIRPORT, NEW YORK, IN THE COUNTY OF MONROE.

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit:  INJUNCTIVE RELIEF IS SOUGHT UNDER TITLE 26 INTERNAL REVENUE CODE.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: REGINA C. DAVIS

Present Address: 2618 LIBERTY RIDGE, NEW WINDSOR, NY 12553-4924

ORANGE COUNTY

Name of Second Plaintiff:

Present Address:

**DEFENDANT'S INFORMATION NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: FLEXIBLE BENEFITS SYSTEM, INC.; DOING BUSINESS AS FBSFLEX

Official Position of Defendant (if relevant):

Address of Defendant: 400 WILLOWBROOK OFFICE PARK, SUITE 400, FAIRPORT, NY 14450

MONROE COUNTY

Name of Second Defendant: ALERA GROUP; DOING BUSINESS AS ALERA EDGE

Official Position of Defendant (if relevant):

Address of Defendant: 400 WILLOWBROOK OFFICE PARK, SUITE 400, FAIRPORT, NY 14450

MONROE COUNTY

Name of Third Defendant:

Official Position of Defendant (if relevant):

Address of Defendant:

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.      Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**

Yes_____     No _X_

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.      Name(s) of the parties to this other lawsuit:

Plaintiff(s):

2

Defendant(s):_____

_____

2.    Court (if federal court, name the district; if state court, name the county):_____

_____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

5.    The approximate date the action was filed:_____

6.    What was the disposition of the case?

        Is it still pending?  Yes____  No____

           If not, give the approximate date it was resolved._____

        Disposition (check those statements which apply):

      _____ Dismissed (check the statement which indicates why it was dismissed):

           _____    By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;
           _____    By court for failure to prosecute, pay filing fee or otherwise respond to a court order;
           _____    By court due to your voluntary withdrawal of claim;

     _____ Judgment upon motion or after trial entered for

        _____ plaintiff
        _____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.  In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:**  On (*date of the incident*) __MARCH 23, 2019_____,
defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) __N/A____

_____

_____

3

did the following to me (*briefly state what each defendant named above did*): ___DEFENDANT REFUSED TO RELEASE___ MONEY ENTRUSTED TO DEFENDANT BY PLAINTIFF'S EMPLOYER TO DISTIBUTE UPON PLAINTIFF'S REQUEST FOR COVERING THE COST OF HEALTH CARE EXPENSES OTHERWISE NOT COVERED BY EMPLOYER PROVIDED INSURANCE. CONT'D.  STATEMENT OF FACTS ARE ATTACHED.

The federal basis for this claim is: ___VIOLATION OF EMPLOYEE HEALTH FLEXIBLE SPENDING ARRANGEMENT___ PROTECTED BY INTERNAL REVENUE CODES AND RULES.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes:* ORDER DEFENDANT TO RELEASE THE REMAINDER OF PLAINTIFF'S MONEY TOTALING UP TO 2700 DOLLARS.

**B.  SECOND CLAIM:** On (*date of the incident*) ___N/A___ ,
defendant (*give the <u>name and (if relevant) position held</u> of <u>each defendant</u> involved in this incident*) _____

did the following to me (*briefly state what each defendant named above did*): _____

The federal basis for this claim is: _____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes:*

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

4

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

PLAINTIFF RESPECTFULLY REQUESTS THIS DISTRICT COURT TO ORDER DEFENDANT TO RELEASE PRETAX

INCOME PLAINTIFF SET ASIDE FOR HEALTH EXPENSES NOT COVERED BY INSURANCE TOTALING 2,700 DOLLARS,

AND ANY OTHER RELIEF THE COURT DETERMINES APPROPRIATE.

Do you want a **jury trial**?  Yes_____  No _X_

## I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____JUNE 28, 2019_____
                              (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

                                                Signature(s) of Plaintiff(s)

5

**COMPLAINT – ATTACHMENT I**
TO THE U.S. DISTRICT COURT, WESTERN DISTRICT OF NEW YORK
STATEMENT OF FACTS

1.  The plaintiff, Regina C. Davis is a resident of the State of New York. The plaintiff resides at 2618 Liberty Ridge, New Windsor in Orange County.

2.  Plaintiff's husband of 23 years suffers from a chronic illness, Crohn's disease, a disability recognized by the ADA and the New York State Executive Law. The husband's medical care involves numerous doctors and a regiment of numerous medications combined with therapeutic treatment.

3.  Plaintiff is a New York State licensed Registered Nurse employed fulltime by Access Supports for Living, the "employer." Plaintiff began work with employer on October 29, 2018 and received her first paycheck on November 16, 2018.

4.  Prior to working for Access Supports for Living, the plaintiff worked part time, one or two days a week as a substitute school nurse and as a peridium nurse for St. Dominic's Home.

5.  The employer, Access Supports for Living has an office at 15 Fortune Road West, Middletown, New York in Orange County.

6.  Plaintiff's employer provides health benefits through Aetna-Meritain Health with prescription drug coverage, Vision Works and Delta Dental. Employer also offers a health care flexible spending account which the employer contracts with defendant to manage and to provide Visa™ electronic debit cards.

7.  Plaintiff was told in December year 2018 by her employer her benefits would begin January 1, 2019. On December 20th year 2018 plaintiff made her benefit elections. Plaintiff elected to have employer withhold 103.84 dollars from each paycheck for her flexible spending account, or 2,700 dollars annually as a pretax deduction from her gross income.

8. The defendant, Flexible Benefits System, Inc. (FBSFlex), has a place of business at 400 Willowbrook Office Park, Suite 400, Fairport, NY 14450.

9. Defendant is engaged in the business of money management and electronic money transfer services. Flexible Benefits System, Inc. also does business as "FBSFlex," "AleraEdge," and the Alera Group.

10. Flexible Benefits System, Inc. **is not** registered to do business as a health insurer and is a third-party to plaintiff and her health care providers and health care insurers.

11. Flexible Benefits Systems, Inc. possesses a portion of plaintiff's earned income. Further, defendant's actions have put plaintiff's husband's health in jeopardy by denying family access to earned income. Plaintiff's husband is being denied treatment due to unpaid deductibles, payments planned to be covered with money set aside in health care flexible spending account with employer.

12. In February of this year, 2019, defendant sent several notices by email to plaintiff alleging that receipts were needed in order to release payment.

13. On March 23rd of year 2019, defendant suspended plaintiff's debit card blocking access to flexible spending account money that is rightfully plaintiff's earned income.

14. Circa April 1st year 2019, plaintiff contacted her employer's human resources department about the problem and was told by them there was nothing the employer could do. Employer had contracted with the defendant to act in good faith on employer's behalf. Employer instructed plaintiff that she had to work the issue out directly with the defendant.

15. Having not been informed and having no other choice plaintiff registered for user access on defendant's website to see her records.

16. Upon registering and logging on plaintiff found a dashboard with service dates and transactions that alleged receipts were missing. However, all transactions were made between Mrs. Davis and health care provider using Visa card supplied by defendant upon which processing and debiting money from plaintiffs flexible spending "account" at any time would generate transaction receipts accessible by the plaintiff. Acceptance of this method of record keeping has been well established.

17. Plaintiff obliged anyway and uploaded copies of paper receipts given Mrs. Davis by providers. Plaintiff called defendant to inform their office that receipts were being located and uploaded to their website. At that time defendant lifted the hold on plaintiff's debit card and access to her account.

18. However, days later defendant suspended plaintiff's account again on April 12th of this year, 2019. FBSFlex, the defendant has claimed that more information is needed, specifically requesting ledgers from doctor's office. Plaintiff's patient records are privileged and only to be shared among health care professionals. Defendant has no right to this information as a third-party money manager.

19. On May 17th year 2019 plaintiff sent a letter requesting the release of health care flexible spending account funds belonging to Mrs. Davis. See appended letter hereto addressed to the defendant, FBSFlex. At the time of filing the complaint with the District Court defendant had not responded to plaintiff's letter and continues hold on plaintiff's Visa™ debit card provided her per employer's agreement to allow convenient access to account.

20. Defendant is charged with unlawfully withholding money and with abuse of Title 26 Internal Revenue Code and Internal Revenue rules established in IRS Pub. 502 (Jan. 09, 2019) and IRS Pub. 969 (Mar. 04, 2019).

21. Defendant purports to be an agent of the federal government exercising privileges that are reserved for the Internal Revenue Department of the Treasury insisting on auditing plaintiff's and provider's confidential records, according to phone conversations.

22. Defendant is a money manager contracted by the employer and acting on behalf of the employer. Per Internal Revenue rules defendant is required to release plaintiff's money from her account upon request, which would be otherwise imposed on employer.

23. Plaintiff prays that this District Court provide injunctive relief, ordering defendant to release plaintiff's money; and further, plaintiff prays for any other relief this District Court determines appropriate.

Regina C. Davis, R.N.                                                    May 17, 2019
2618 Liberty Ridge
New Windsor, NY 12553


Flexible Benefits System, Inc. (FBSFlex)
400 Willowbrook Office Park, Suite 400
Fairport, NY 14450


RE:  **Release of Flexible Spending Account Funds for Regina C. Davis, SSN 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**

Dear Flexible Benefits System, Inc:

In February of this year, 2019, your office sent several notices by email to myself, Regina Davis, stating that my flexible spending account arranged by my employer with you needed my attention. I am a new employee to the company, **Access Supports for Living**. However, given my experiences with other companies I could not imagine what possible attention my account needed. On March 23rd of this year, year 2019, FBSFlex suspended my debit card to my flexible spending account, at which time we believed something must be seriously wrong.


Having not been informed or instructed to do so previously, I took it upon myself to register for user access on your website to see your records and what the problem was with the account. Upon registering and logging on I found a dashboard with service dates and transactions that alleged receipts were missing. I don't know why this was the case because FBSFlex should have received copy from Visa upon processing and debiting money from my account at the time I paid my provider. But I obliged anyway and uploaded copies of paper receipts I was given from my provider. Realizing that it was taking time to find all the receipts, I eventually did find them, meanwhile I called to inform your office that I was locating the receipts and your office lifted the suspension on my account. However, days later

you suspended my account again on April 12th of this year, 2019. Now your company is claiming that more information is needed.

I am writing to inform you that you are not allowed to withhold money that belongs to me for any reason. I fulfilled your request for copies of paper receipts even though it was odd, and you continue to stall releasing money from my flexible spending account. You are acting on behalf of the employer and per the tax laws you are required to release my money. Further, it is not your place to act as policeman and enforcer of the federal and state tax codes. I find your actions very upsetting as you are denying me money that is rightfully mine and you are hindering my medical care providers. My chronically ill husband is in jeopardy of being denied treatment due to unpaid deductibles, payments planned to be covered with money set aside in my flexible spending account.

A month has passed since your unwarranted suspension of my flexible spending account. If FBSFlex does not release the hold on my flexible spending account allowing me access to my money within one week of this letter, I will have no choice but to retain an attorney to cause you to do so. By law, you will then be liable for the attorney fees and any other legal fees incurred in this matter. I trust that this step will not be necessary. I remind you that under the laws of this state and the federal government you are required to act in good faith on behalf of the employer and you are legally obligated to release money from my flexible spending account at my request.

Sincerely,

Regina C. Davis

Regina C. Davis, R.N.

ed/RD

Regina C. Davis, R.N.
2618 Liberty Ridge
New Windsor, NY 12553

Flexible Benefits System, Inc. (FBSFlex)
400 Willowbrook Office Park, Suite 400
Fairport, NY 14450



stamps.com
1842423

US POSTAGE
FIRST-CLASS
062S0009529443
FROM 12553
50.9 cents