UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REGINA C. DAVIS,

                              Plaintiff,            Case # 19-CV-6504-FPG

v.                                                      DECISION AND ORDER

FLEXIBLE BENEFITS SYSTEM, INC., et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Regina C. Davis filed this action against Defendants Flexible Benefits System, Inc. and Alera Group, alleging that Defendants wrongfully refused to release money from her flexible spending account ("FSA"). On August 27, 2019, the Court granted Davis's *in forma pauperis* motion and screened her Complaint under the 28 U.S.C. § 1915(e) criteria. ECF No. 3. The Court concluded that the complaint failed to state claim upon which relief could be granted, but gave Davis an opportunity to amend her complaint. On September 30, 2019, Davis filed an amended complaint. ECF No. 4. The Court concludes that Davis's case may proceed to service.

## LEGAL STANDARD

Section 1915 gives the Court the authority to "screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). To determine whether a claim is legally insufficient, the Court looks to "Federal Rule of Civil Procedure 12(b)(6) for guidance." *Ceara v. Dowley*, No. 15-CV-6266, 2018 WL 3647150, at *2 (W.D.N.Y. Aug. 1, 2018). A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

at 678. In considering the plausibility of a claim, the court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Furthermore, a court must liberally construe *pro se* pleadings, though such pleadings must still meet the notice requirements of Federal Rule of Civil Procedure 8. *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

## DISCUSSION

In the prior Decision and Order, the Court concluded that Davis's original complaint failed to state a claim insofar as she alleged that Defendants violated federal tax law. *See* ECF No. 3 at 3-4. But reading the complaint liberally, the Court also noted that Davis's complaint "might implicate" the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* at 4-5. The Court nonetheless concluded that there were insufficient facts to support such a claim, and it provided Davis with an opportunity to amend her complaint.

In her amended complaint, Davis has adequately pleaded an ERISA claim. "Section 502(a)(1) of ERISA creates a right of action for a participant or beneficiary of a plan to 'recover benefits due . . . under the terms of his plan [or] to enforce his rights under the terms of the plan.'" *Conroy v. High Peaks Dental Prof'l P'ship*, No. 18-CV-1308, 2019 WL 3997118, at *5 (N.D.N.Y. Aug. 23, 2019) (quoting 29 U.S.C. § 1132(a)(1)). Here, Davis alleges that she submitted adequate documentation to Defendants for certain healthcare expenses covered by her FSA. ECF No. 4 ¶¶ 18, 25, 26, 32; *see also Nagulapalli v. Starwood Vacation Ownership*, No. 12-CV-1336, 2012 WL 13137074, at *1 (M.D. Fla. Oct. 18, 2012) (noting that an FSA is a welfare benefit plan governed by ERISA). Defendants refused to disburse funds, which Davis contends violated the terms of the FSA plan. *Id.* ¶¶ 32, 33. For purposes of screening, these are allegations are sufficient to state a

claim.[1] *Cf. Hills v. Praxair, Inc.*, No. 11-CV-678S, 2012 WL 1935207, at *17 (W.D.N.Y. May 29, 2012) ("Here, Plaintiff's complaint has essentially alleged that Plaintiff was a beneficiary of a disability benefits plan, that claims were submitted under that plan, and that they were later wrongfully reduced, and ultimately terminated. This is sufficient to set forth a cause of action under ERISA.").

The Court makes one final point. Davis attached to her amended complaint a "Benefits Summary" that describes her family's healthcare information and includes that birthdates of her family and the full names of her children. Currently, this personal information is publicly accessible. Under Federal Rule of Civil Procedure 5.2, a party is entitled to redact or edit such personal information to shield it from public view. Specifically, a party may edit a document to reveal only the year of an individual's birth—rather than the full birthdate—and a minor child's initials—rather than his or her full name. *See* Fed. R. Civ. P. 5.2(a)(2), (3). Thus, moving forward, Davis is entitled to redact such information in her filings. In addition, if Davis wishes to submit a redacted amended complaint and seal her current, unredacted amended complaint, she should submit a motion to that effect with a proposed redacted amended complaint.

## CONCLUSION

Davis's amended complaint (ECF No. 4) will proceed to service; therefore, the Clerk of Court will cause the United States Marshals Service to serve the Summons, Amended Complaint, and this Order upon Defendants Flexible Benefit System, Inc. and Alera Group, without Davis's

---

[1] The Court recognizes that before bringing an action, a plaintiff must generally "pursue all administrative remedies provided by [her] plan." *Germana v. Reliance Standard Life Ins. Co.*, No. 16-CV-1611, 2018 WL 4096632, at *6 (D. Conn. Aug. 28, 2018). It is not clear what Davis's FSA plan requires or whether she exhausted her administrative remedies; she only alleges that she sent a letter disputing Defendants' decision, to which they have not responded. *See* ECF No. 4 ¶ 28. Regardless, "a plaintiff is not required to plead exhaustion of administrative remedies." *Rozek v. N.Y. Blood Ctr.*, 925 F. Supp. 2d 315, 342 (E.D.N.Y. 2013) (noting that exhaustion is an affirmative defense).

payment, with unpaid fees to be recoverable if this action terminates by monetary award in Davis's favor.

IT IS SO ORDERED.

Dated: October 2, 2019
       Rochester, New York

                                                      _____
                                                      HON. FRANK P. GERACI, JR.
                                                      Chief Judge
                                                      United States District Court