UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

REGINA C. DAVIS,

                              Plaintiff,         Case # 19-CV-6504-FPG

v.                                                   DECISION AND ORDER

FLEXIBLE BENEFITS SYSTEM, INC., et al.,

                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Regina C. Davis filed this ERISA action against Defendants Flexible Benefits System, Inc. and Alera Group, alleging that Defendants wrongfully refused to release money from her flexible spending account ("FSA"). ECF No. 4. On November 1, 2019, Defendants moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Davis opposes the motion. ECF No. 11. For the reasons that follow, Defendants' motion to dismiss is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)

1

(quotation marks omitted). Along with the facts alleged in the complaint itself, a court may consider any documents attached to, incorporated by reference in, or integral to the complaint. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. Davis is a Registered Nurse who began working at Access Supports for Living ("Access") in October 2018. One of the benefits she received through her employment was a healthcare FSA. Davis alleges that Defendants administer and manage the FSAs for Access employees.

Davis elected to use the FSA benefit starting in January 2019 and began contributing money from her paychecks to her account. In March, Defendants suspended Davis's access to her FSA debit card. ECF No. 4 at 8. They notified Davis that they needed further documentation relating to dental treatment that she had paid for with her debit card. *See id.* at 8-9. Davis provided Defendants with paper receipts from the dentist. *Id.* at 9. Defendants responded that the receipts provided were insufficient, and they requested "ledgers" from the dentist's office—*i.e.*, records identifying the nature of the visits. *Id.* Davis declined to provide that documentation, arguing that her "patient records are privileged and only to be shared among health care professionals." *Id.* In May 2019, Davis wrote a letter to Defendants requesting that they release the funds, but they took no action. *See id.* at 12-13. Davis brought this action in July 2019. ECF No. 1. She alleges that Defendants have "refused to adhere to the terms of the FSA benefit by refusing to release payment for services after [she] provided receipts." ECF No. 4 at 10.

## DISCUSSION

Defendants argue that dismissal is appropriate because, among other reasons, Davis concedes that she "refused to provide documentation as required in the Plan." ECF No. 7-1 at 9. Because the Court agrees, it need not address Defendants' other arguments.

Davis brings an ERISA claim against Defendants. "Section 502(a)(1) of ERISA creates a right of action for a participant or beneficiary of a plan to 'recover benefits due . . . under the terms of his plan [or] to enforce his rights under the terms of the plan.'" *Conroy v. High Peaks Dental Prof'l P'ship*, No. 18-CV-1308, 2019 WL 3997118, at *5 (N.D.N.Y. Aug. 23, 2019) (quoting 29 U.S.C. § 1132(a)(1)(B)). A claim under Section 502(a)(1)(B) "is the assertion of a contractual right under a benefit plan." *Siklos v. Northeastern Anesthesia Servs., P.C.*, 473 F. Supp. 2d 494, 497 (S.D.N.Y. 2007). "Therefore, to enforce the terms of the plan . . . the participant must first qualify for the benefits provided in that plan." *Id.* (internal quotation marks omitted); *see also Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 404 F.3d 167, 170 (2d Cir. 2005) ("A suit for benefits due under the terms of an ERISA-governed plan necessarily fails where the participant does not qualify for those benefits . . . .").

In this case, Davis does not dispute that she refused Defendants' request for additional documentation to substantiate her dental-treatment claims. Specifically, she refused to provide any information concerning the nature or purpose of those visits, alleging that such information is "privileged" and that Defendants "have no right to this information." ECF No. 4 at 9. The receipts that Davis tendered to Defendants appear to show that she used her debit card to pay down a pre-existing balance owed to the dentist, but they do not contain any information shedding light on the nature of the treatment.[1] *See* ECF No. 12-1 at 52, 54.

This fact defeats Davis's claim. Under the plan documents, an employee may only receive reimbursement for a claim if he or she submits a "bill or receipt from the provider" that states,

---

[1] Defendants proffered the receipts with their motion to dismiss. Davis has not disputed that these documents accurately reflect what she submitted. Given that Davis contends that the submission of these receipts entitles her to benefits under the plan, they are integral to Davis's complaint and may be considered. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) ("A document is integral to the complaint where the complaint relies heavily upon its terms and effect." (internal quotation marks omitted)).

3

*inter alia*, "the type of service provided."[2] ECF No. 12-1 at 16-17. This requirement is consistent with IRS rules limiting the types of expenses that may be reimbursed under an FSA plan and requiring administrators to substantiate employees' claims. *See* IRS Publication 969 at 17 (Jan. 30, 2020) ("[D]istributions from a health FSA must be paid only to reimburse you for *qualified medical expenses* you incurred *during the period of coverage*." (emphases added)); IRS Information Letter 2016-0013 (March 25, 2016) ("Under a health FSA, an employer may pay or reimburse only those medical expenses that an employee substantiates."); IRS Notice 2006-69 (July 31, 2006) (discussing substantiation requirements in the context of an FSA debit card). Because Davis has not alleged that she provided the information required under the plan—or even described how the disputed expenses constitute qualified medical expenses incurred during the period of coverage—her amended complaint fails to state an ERISA claim to recover distributions from her FSA. *See Weinreb*, 404 F.3d at 170. In other words, Davis fails to plausibly allege that she qualifies for benefits under the plan. *See Siklos*, 473 F. Supp. 2d at 497.

In response, Davis argues that the plan's requirements are unenforceable against her because the plan documents were never provided to her.[3] *See* ECF No. 11 at 2. Even if Davis never received the plan documents, her claim would fail because it is undisputed that Defendants repeatedly informed her that she needed to further substantiate her claims. *See* ECF No. 4 at 8, 9; *see also Weinreb*, 404 F.3d at 171-72 (plan's failure to provide plan documents was harmless where plan repeatedly notified participant of requirement at issue).

Accordingly, because Davis fails to state a claim for recovery of FSA benefits, the complaint must be dismissed.

---

[2] In ERISA cases, a court may consider the plan documents at the motion to dismiss stage. *See, e.g.*, *Guo v. IBM 401(k) Plus Plan*, 95 F. Supp. 3d 512, 522 (S.D.N.Y. 2015) (collecting cases).

[3] Davis also argues that the summary plan description is no longer in force, but the documents submitted by Defendants show that the plan documents were still in effect as of 2019—the year in which Davis's claim arose. *See* ECF No. 12-1 at 24.

As a separate matter, Davis filed a new complaint (ECF No. 13) that is identical to her current amended complaint (ECF No. 4) except that she has redacted certain personal information in accordance with Federal Rule of Civil Procedure 5.2(a). The Court accepts the redacted complaint and will take the steps ordered below.

## CONCLUSION

Defendants Flexible Benefit System, Inc. and Alera Group's motion to dismiss (ECF No. 7) is GRANTED. The amended complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter judgment and close this case.

In addition, the Court orders as follows: (1) the Clerk of Court shall change the name of the "Second Amended Complaint" listed at ECF No. 13 to "Redacted Amended Complaint"; (2) the Clerk of Court shall change the name of the "Amended Complaint" listed at ECF No. 4 to "Unredacted Amended Complaint"; and (3) the Clerk of Court shall seal the "Unredacted Amended Complaint" listed at ECF No. 4.

IT IS SO ORDERED.

Dated: February 24, 2020
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court